UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANNETTE ADAMS, <br><br> Estate Plaintiff, <br><br> v. <br><br> JEFF SIEGEL, et al., <br><br> Defendants. | Case No. 3:23-CV-1009-CCB-SJF |

## **OPINION AND ORDER**

Before the Court is Defendants Elkhart County Sheriff's Department, Board of Commissioners of the County of Elkhart, Elkhart County Sheriff Jeff Siegel, and Captain David Lanzen's Motion to Dismiss (ECF 31) Plaintiff Annette Adams', as personal representative for the estate of Mark Duncan, second amended complaint (ECF 30). Based on the applicable law, facts, and arguments, the Motion to Dismiss for Failure to State a Claim is **GRANTED**.

**I.    RELEVANT BACKGROUND**

On May 6, 2021, Mark Duncan ("Duncan") was arrested by Elkhart City Police for misdemeanor trespassing. (ECF 30 at 4, 7). Duncan was taken to the Elkhart County Jail ("ECJ"). (*Id.* at 4). The Elkhart City Police Department ("ECPD") and ECJ staff were familiar with Duncan and knew that he suffered from mental health issues. (*Id.*). Later that day, Duncan was transported to the St. Joseph Regional Medical Center because ECPD wanted "medical clearance for intoxication" and Duncan's left arm was swollen. (*Id.* at 5). Duncan was taken back to ECJ that night. (*Id.*).

On September 19, 2021, around 8:00 am Duncan was found on the floor of his cell and taken to a medical room. (*Id.*). Around 11:38 am, Elkhart General Hospital staff were dispatched to the ECJ where they found Duncan "lethargic with mumbled speech and weak and unable to walk." (*Id.*). Elkhart General Hospital staff transported Duncan to the hospital. (*Id.*).

On October 4, 2021, Duncan was found on the floor of his cell again, this time covered in feces and urine. (*Id.*). Duncan was transported to the Elkhart General Hospital where the staff noted that ECJ did "not have any vitals, a medical history, or any paperwork of who the patient is including his date of birth." (*Id.* at 5, 6). They also determined Duncan was "profoundly hypothermic." (*Id.* at 6). The medical staff at ECJ told Elkhart General Hospital staff that Duncan's "arm was 'treated for dislocation' and 'very swollen' and that he 'fell a few days ago.'" (*Id.*). Neither the medical staff at the ECJ or the correctional employees "took action to prevent Mr. Duncan from harming himself or injuring himself."[1] (*Id.*).

On October 11, 2021, ECJ staff brought Duncan to the Elkhart General Hospital for treatment. (*Id.*). The Elkhart General Hospital diagnosed Duncan with "acute encephalopathy in the setting of paranoid schizophrenia" and an "enlarged goiter compressing his trachea." (*Id.*). Duncan was transported back to ECJ. (*Id.*). On November 30, 2021, Duncan died. (*Id.* at 7).

---

[1] Plaintiff claims that "[n]either the medical staff at the jail nor any of the correctional employees treated Mr. Duncan for his injuries due to his fall," yet the paragraph immediately proceeding states that the "Elkhart County jail staff advised [the Elkhart General Hospital staff] that Mr. Duncan's arm was 'treated for dislocation.'" (ECF 30 at 6).

2

On October 4, 2024, Annette Adams, as personal representative of Duncan's estate, filed a Second Amended Complaint alleging claims including violation of the Eighth Amendment, Fourteenth Amendment, conspiracy and illegal conspiracy, equal protection, and *Monell* all under Section 1983. Defendants filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6) asserting that Plaintiff's second amended complaint does not state a claim for which relief can be granted. (ECF 31).

## II.   STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint therefore fails to state a claim if it does not "describe the claim in sufficient detail to give the defendant fair notice of what the … claim is and the grounds upon which it rests [or] plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted).

When meeting this threshold, however, complaints "do not need to contain elaborate factual recitations." *Sanjuan v. Am. Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). Rather, at the motion to dismiss stage, the plaintiff

"receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Id.* A court cannot dismiss a complaint for failure to state a claim if, taking the facts pleaded as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. The court, however, is "not bound by a plaintiff's legal characterization of the facts or required to ignore facts set forth in the complaint that undermine a plaintiff's claim." *Pearson v. Garrett-Evangelical Theological Seminary, Inc.*, 790 F. Supp. 2d 759, 762–63 (N.D. Ill. 2011).

### III. ANALYSIS

#### A. John Doe Correctional Officer and Supervisor, John or Jane Doe Medical Staff of the ECJ, and John or Jane Doe Elkhart County Sheriffs

Before proceeding to the merits of Defendants' Motion to Dismiss, the Court must take up the issue of Plaintiff's failure to name or serve certain defendants. Plaintiff brings claims against "John Doe Correctional Officer and Supervisor, John or Jane Doe Medical Staff of the ECJ, and John or Jane Doe Elkhart County Sheriffs." (ECF 30). Fed. R. Civ. P. 4(m) requires that the court dismiss the action without prejudice if a "defendant is not served within 90 days after the complaint is filed." A court must extend the time for service if "plaintiff shows good cause for the failure" to serve. *Id.*

Plaintiff did not successfully identify and serve the unnamed John and Jane Does within 90 days after the filing of the second amended complaint on October 4, 2024, or show good cause for the failure. (ECF 30). "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*,

4

128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Further, suing unknown defendants in federal court is generally disfavored by the Seventh Circuit. For these reasons, Defendants' Motion to Dismiss is **GRANTED** as to the claims against John Doe Correctional Officer and Supervisor, John or Jane Doe Medical Staff of the ECJ, and John or Jane Doe Elkhart County Sheriffs. (ECF 31).

### B. Board of Commissioners of the County of Elkhart

Plaintiff also brings claims against the Board of Commissioners of the County of Elkhart ("Board of Commissioners"). In her Motion in Opposition to Defendants' Motion to Dismiss, Plaintiff "voluntarily dismisses the counts against the County Commissioners," but there is no argument accompanying this heading, or even a period at the end of the sentence. (ECF 37-1 at 7). The Court will hold Plaintiff to this voluntary dismissal, but even if Plaintiff did not voluntarily dismiss the Board of Commissioners, the Board of Commissioners would have been dismissed anyway.

In Indiana, commissioners have the duty to "establish and maintain a … county jail," Ind. Code § 36-2-2-24, while the sheriff has the duty to "take care of the county jail and the prisoners there," Ind. Code § 36-2-13-5(a)(7). "[O]nce the county establishes and then reasonably maintains the jail, it is not responsible for administering the manner of an inmate's incarceration." *Donahue v. St. Joseph Cnty.*, 720 N.E.2d 1236, 1240 (Ind. Ct. App. 1999). The sheriff answers to a county's citizens rather than other county officers. *See Markley v. Walters*, 790 F. Supp. 190, 191 (N.D. Ind. 1992).

Plaintiff alleges improper actions or omissions taken by officers and staff within the ECJ, not facts relating to the maintenance of the jail. As Defendants note, "[t]he

5

Board of Commissioners has no authority concerning the daily operation of the county jail, and the Board of Commissioners is not liable in tort for the actions of Sheriff's Department employees." (ECF 32 at 14). Indiana state courts have consistently held that "county commissioners do not have control over the acts of a sheriff." *Waldrip v. Waldrip*, 976 N.E.2d 102, 119 (Ind. Ct. App. 2012). County boards cannot be held liable for the actions of a sheriff or a sheriff's department under a theory of *respondeat superior*, despite Plaintiff's arguments to the contrary. (ECF 37-1 at 4) (*See Carver v. Crawford*, 564 N.E.2d 330, 330 (Ind. Ct. App. 1990)). Therefore, Defendants' Motion to Dismiss is **GRANTED** as to all claims against the Board of Commissioners. (ECF 31).

    C.    **Section 1983**

Plaintiff brings Section 1983 claims against Elkhart County Sheriff Jeff Siegel and Captain David Lanzen, Warden or Supervisor of the ECJ. (ECF 30). Section 1983 allows prisoners to bring suits "against any person who caused a violation of the prisoner's Eighth Amendment rights while acting under color of state law." *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). A plaintiff must show that a "defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). An official "satisfies the personal responsibility requirement of section 1983 … if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.'" *Id.* (quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir.1985)). In other words, a plaintiff must establish a causal connection or affirmative link between the official sued and the action complained about. *Id.*

### 1. Count I: Wrongful Death, Count II: Failure to Provide Adequate Medical Care, and Count VI: *Monell*

Plaintiff labels the first count "Wrongful Death," but does not bring a state-law claim of wrongful death. (ECF 30 at 7-8). Rather, Plaintiff is seeking redress for the violation of Duncan's constitutional rights in the first two counts. The rights alleged to have been violated were Duncan's eighth amendment right to freedom from cruel and unusual punishment and his fourteenth amendment right not to be deprived of life without due process of law. (*Id.* at 8). Plaintiff argues that ECJ officers and staff, while acting under the direction and control of Defendants Sheriff Siegel and Captain Lanzen, in their official and individual capacities, were deliberately indifferent to Duncan's serious medical needs, ultimately resulting in Duncan's death. (*Id.*). The claims against the unknown Defendants and the Board of Commissioners have already been dismissed above.

#### a. Defendants in their official capacities and *Monell*

Plaintiff sues Defendants Sheriff Siegel and Captain Lanzen in their official capacities and brings a *Monell* claim against Defendant Elkhart County Sheriff's Department. Defendants argue that "the claim against Sheriff Siegel in his official capacity is a claim against the Office of Sheriff of Elkhart County, Indiana," and "[a]ny claim against Captain Lanzen in his official capacity is duplicative of the official capacity claim against Sheriff Siegel." (ECF 32 at 16). Defendants are correct. Claims against Sheriffs in their official capacities are claims against the Sheriff's Office itself. *Hafer v. Melo,* 502 U.S. 21, 25 (1991). Here, since the ECJ is managed by the Elkhart

County Sheriff's Office, a claim against the Warden/Sheriff of the ECJ, in his official capacity, is also a claim against the Sheriff's Office itself. Thus, Defendants' argument that "the claim against Sheriff Siegel in his official capacity is the '*Monell*' claim alleged" by Plaintiff is also correct because Section 1983 claims against local governments are *Monell* claims. (ECF 32 at 16).

Plaintiffs can sue local governments under Section 1983 when an official policy of that local government inflicts the injury that the government as an entity is allegedly responsible. *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978). Under Section 1983, a local government may be liable for monetary damages if the plaintiff can show that the unconstitutional act complained of is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell,* 436 U.S. at 690, 98 S.Ct. 2018). It is unclear "how frequently conduct must occur to impose *Monell* liability, 'except that it must be more than one instance.'" *Thomas*, 604 F.3d at 303 (citing *Cosby v. Ward,* 843 F.2d 967, 983 (7th Cir. 1988)).

Plaintiff alleges "there existed a custom, practice, policy, and/or pattern, either implicit or explicit … in which the officers and jail staff were not held accountable for their wrongful and/or illegal acts." (ECF 30 at 13). Plaintiff continues, stating that a direct and proximate result of the custom, practice, policy, and/or pattern was the death of Duncan. (*Id.*). Absent from Plaintiff's Second Amended Complaint, however,

are facts supporting allegations of an official policy, a widespread and well-settled governmental practice or custom, or an official with final policy-making authority responsible for the constitutional deprivation. *Thomas*, 604 F.3d at 303. Further, Plaintiff fails to allege facts suggesting that the lack of medical care, or insufficient medical attention, endured by Duncan was ever endured by another inmate. As noted by Defendants, the Seventh Circuit has "repeatedly rejected *Monell* claims that rest on the plaintiff's individualized experience without evidence of other constitutional violations." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 240 (7th Cir. 2021). Plaintiff has not alleged sufficient facts to support a plausible claim that Defendant Elkhart County Sheriff's Department had a custom, policy, or practice, widespread or otherwise, of denying or withholding adequate medical care to inmates. *Iqbal*, 556 U.S. at 678.

Defendants' Motion to Dismiss is therefore GRANTED as to Counts I, II, and VI against Defendant Elkhart County Sheriff's Department and Defendants Sheriff Siegel and Captain Lanzen in their official capacities.

### b.   Defendants in their individual capacities

Plaintiff also brings claims of deliberate indifference against Defendants Sheriff Siegel and Captain Lanzen in their individual capacities, but these claims fail as well. The Supreme Court has held that a "prison official violates the Eighth Amendment only when two requirements are met." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The first is that the deprivation alleged must be "objectively, sufficiently serious," and the second is that the prison official "must have a 'sufficiently culpable state of mind.'" *Id.* (citing

*Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Fourteenth Amendment analysis is the same as the Eighth Amendment analysis. *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003).

Plaintiff "must establish a causal connection" between the officials sued and the action complained of. *Duckworth*, 65 F.3d at 561. Here, however, Plaintiff does not allege any facts involving the acts or omissions of Sheriff Siegel or Captain Lanzen. Plaintiff alleges that ECJ officers and staff failed to provide "medical care and treatment" and "medical attention and/or medication" to Duncan while he was in their custody and care (ECF 30 at 7, 9). Plaintiff does not plead any facts suggesting how the ECJ officers or staff were remiss or how Duncan ultimately died, including whether the death was preventable with proper medical care. Plaintiff does plead facts, however, showing that ECJ officers and staff transported Duncan to a hospital or contacted outside hospital staff to provide medical care for Duncan on several occasions. (*Id.* at 4-6). Plaintiff has not adequately alleged facts showing a deprivation of any kind, let alone an objectively serious deprivation. *Farmer*, 511 U.S. at 834.

Further, all the allegations that were pled center around ECJ officers or staff. Plaintiff does state that the ECJ officers and staff were "acting under the direction and control" of Sheriff Siegel or Captain Lanzen, but this is a "naked assertion" without supporting facts and is therefore inadequate. *Twombly*, 550 U.S. at 557. Plaintiff does not assert that either man was "aware of Duncan's medical problems, directed that medical care not be administered to Duncan, or otherwise interfered with the administration of medical care to Duncan." (ECF 32 at 14-15). Not only do Plaintiff's claims fail on the

objectively serious deprivation prong, but they also fail because Plaintiff failed to allege facts connecting Sheriff Siegel or Captain Lanzen to the situation. Contrary to what Plaintiff argues in her Response, Sheriff Siegel and Captain Lanzen cannot be held liable on a theory of supervisory authority alone. (ECF 37-1). (*See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009)).

Plaintiff has not met the threshold of alleging facts to push her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. Under both the Eighth and Fourteenth Amendment standards, Plaintiff fails to state a deliberate indifference claim against Defendants Sheriff Siegel and Captain Lanzen. *Iqbal*, 556 U.S. at 678. Therefore, Defendants' Motion to Dismiss for Failure to State a Claim is GRANTED as to Counts I and II. (ECF 31).

### 2.   Count III: Illegal Conspiracy and Count IV: Conspiracy

Plaintiff brings claims of both illegal conspiracy and conspiracy under Section 1983, but there is no such thing as "illegal conspiracy." The Court will address both counts as one claim of conspiracy. Plaintiff argues that all Defendants "agreed with each other to cover up the failure to provide adequate medical care and to cover up the negligent and deliberate indifference to Mr. Duncan's medical needs." (ECF 30 at 12).

To establish civil conspiracy, a plaintiff must show: "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). To be liable as a conspirator, a defendant must be a voluntary participant, but the defendant does not

11

need to "have agreed on the details of the conspiratorial scheme or even know who the other conspirators are." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). "It is enough if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them." *Id.*

Here, the Second Amended Complaint says nothing about the nature of the alleged agreement to "cover up the failure to provide adequate medical care." (ECF 30 at 12). Plaintiff alleges no facts about what "overt act" each Defendant committed to further the conspiracy. (*Id.*). Plaintiff merely states conclusions and contains insufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, Defendants' Motion to Dismiss is **GRANTED** as to Counts III and IV. (ECF 31).

### 3. Count V: Equal Protection Class of One

In her Motion in Opposition to Defendants' Motion to Dismiss, Plaintiff "voluntarily dismisses the Equal Protection Claim," but there is no associated argument elaborating upon this conclusion. (ECF 37-1 at 7). The Court will still hold Plaintiff to this voluntary dismissal, but even if Plaintiff did not voluntarily dismiss this claim, the claim would not have survived the Motion to Dismiss.

Plaintiff alleges that Defendants "violate the Equal Protection Clause" and states "Class of One" in the heading. (*Id.* at 12). A plaintiff can bring a class of one equal protection claim when the plaintiff "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In

establishing the first element, the plaintiff must show "a wrongful act that necessarily involves treatment departing from some norm or common practice." *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012).

As argued by Defendants, Plaintiff has not pled any facts suggesting that "Duncan was treated differently and that there is no rational basis for the difference in treatment." (ECF 31 at 21). Plaintiff argues that Duncan did not receive proper medical attention or treatment but she does not argue that he was treated differently from others similarly situated. (ECF 30 at 9). Plaintiff, in fact, barely alleges any facts showing how the medical attention Duncan received was deficient or what Defendants should have done but failed to do in treating Duncan. Plaintiff has failed to allege enough facts to push her claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Defendants' Motion to Dismiss is **GRANTED** as to Count V. (ECF 31).

### D.   Issues with Plaintiff's Briefing

The Court must also address Plaintiff's counsel regarding the quality of Plaintiff's Response to Defendants' Motion to Dismiss. (ECF 37-1). On pages 2 and 5, Plaintiff's counsel copies and pastes two entire paragraphs from unpublished case law without citation, passing off court opinions as his own analysis. (*Id.* at 2,5) (*See Roberts v. City of Indianapolis*, No. 1:10-CV-1436-TWP-DML, 2011 WL 2443672, at *1 (S.D. Ind. June 14, 2011); *Hooper v. Lain*, No. 2:14-CV-358-JVB, 2015 WL 1942791, at *7 (N.D. Ind. Apr. 29, 2015)). Plaintiff's counsel also copies and pastes entire paragraphs within his own brief just two pages apart, (*Id.* at 4, 6) and includes arguments about probable cause, a topic with no relevance here, another obvious example of copy and pasting gone awry.

13

(*Id.* at 6-7). This abundance of errors is a disservice to judicial resources. Counsel would do well to familiarize himself with the Indiana Rules of Professional Conduct, specifically Rule 1.1.

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is **GRANTED**. (ECF 31). On April 3, 2025, Plaintiff filed a Motion to Dismiss Certain Parties (John Doe Correctional Officer and Supervisor, John or Jane Doe Medical Staff of the ECJ, and John or Jane Doe Elkhart County Sheriff's Deputies, in their individual capacities). (ECF 40). Defendants filed a Response to Plaintiff's Motion to Dismiss Certain Parties on April 14, 2025, requesting the motion be granted as to the dismissal and denied "as to the extent it requests 'leave to add additional parties as they may become known or identified.'" (ECF 41 at 2). The unnamed Defendants are dismissed above, therefore Plaintiff's Motion to Dismiss Certain Parties is **DISMISSED AS MOOT**. (ECF 40).

SO ORDERED on April 21, 2025.

                                               /s/*Cristal C. Brisco*
                                               CRISTAL C. BRISCO, JUDGE
                                               UNITED STATES DISTRICT COURT